CHARLES LAUFER, JR., v. BETTIE MOPPINS ET AL.

Decided December 14, 1906.

**Deed—Misdescription of Land—Intention of Parties.**

The intention of the parties must control in determining what land was. actually bought and sold, and when that intention is clearly shown by the evidence any mistake in the description contained in the deed should be corrected and the deed made to conform to the intention of the parties. Evidence considered, and held to show such a mutual mistake on the part of the grantor and grantee as to preclude the grantee from recovering on the covenant of warranty against his grantor.

Appeal from the District Court of Fayette County. Tried below before Hon. L. W. Moore.

*J. T. Duncan* and *J. F. Wolters,* for appellant.

*Brown & Lane,* for appellees.—The warranty clause in plaintiff's deed, upon which his suit against the executor of Eilers' will is based, is not a covenant to warrant the quantity or number of acres conveyed, but is a covenant only to warrant the title to the land conveyed by said deed, and the suit of plaintiff as brought, can not therefore, be maintained upon said covenant of warranty. Daughtrey v. Knolle, 44 Texas, 455; Bellamy v. McCarthy, 75 Texas, 294; Bennett v. Latham, 18 Texas Civ. App., 406.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by appellant against Bettie Moppins and the heirs of Levi Moppins, deceased, the land in controversy being a part of the Christian Wertzner one-third league in Fayette County. In addition to the usual allegations in suit of trespass to try title plaintiff alleged the purchase of the land from A. J. and Louis Eilers, independent executors of the estate of Louis Eilers, deceased, and the execution and delivery to him by said executors of a deed containing covenants of general warranty, and prayed for judgment against said executors on their warranty in event the court found that the title to the land sued for, or any part thereof, had failed.

The defendants Moppins disclaimed title to all of the land described in the petition except a tract of 250 acres described in their answer as to which they pleaded not guilty, and claimed title thereto.

The answer of the executors denies that the deed executed by them to plaintiff by its terms conveys any part of the 250 acres claimed by defendants Moppins, and avers that if said 250 acres is conveyed by said deed that it was so conveyed by mutual mistake of plaintiff and said defendants; that the plaintiff only intended to purchase and said defendants only intended to sell and convey that portion of the Christian Wertzner survey embraced in two pastures which had been fenced by defendants' testator and the location and boundaries of which were known to plaintiff prior to and at the time of said sale. They prayed that in event the deed be construed to convey said 250 acres that it be

reformed so as to conform to the intention of the parties and that plaintiff take nothing by her suit.

The cause was tried by a jury and under peremptory instruction by the court a verdict was returned in favor of all the defendants and judgment was rendered accordingly. Plaintiff has only appealed from that portion of the judgment in favor of the defendants Eilers.

We deduce from the record the following facts: On December 17, 1900, the defendants Eilers sold and conveyed to plaintiff, in consideration of the conveyance to them by plaintiff of a tract of 290 acres of land in Bastrop County and a note for $1,000 executed and delivered to them by plaintiff, the land contained in two pastures owned by their testator and situate upon the Christian Wertzner one-third league in Fayette County. The deed executed by them contains a general warranty of title and describes the land thereby conveyed as follows:

"All and singular that certain tract and parcel of land lying, being and situate in the county of Fayette, in the State of Texas, four miles south of the Colorado River and fourteen miles west of the town of La Grange on the waters of Cedar Creek, being 1338 acres of land out of the headright of Christian Wertzner and known as subdivisions Nos. 1, 2, 3, 4, 5, 6, 7 and 8 of said headright one-third league, surveyed by Z. M. P. French, surveyor of Fayette County, Texas, on the 16th day of March, A. D. 1849. Said one-third league out of which the tract conveyed by this deed is taken is bounded as follows: (And then is set out in full the field notes of the original one-third league as made out by J. P. Hudson and described in the patent from the State of Texas.)

The 250 acres of land recovered in this suit by the defendants Moppins was included in the land described in this deed, but neither the plaintiff nor the defendants were aware of this fact. The defendants never had title to the Moppins land and did not know that it was a part of the Wertzner survey or that it was conveyed by the deed executed by them to plaintiff. The deed by which Louis Eilers, deceased, acquired title to the land contained the same description as that in the deed from the executors to plaintiff, but he never claimed the 250 acres and did not know that it was included in the description of the land conveyed to him.

The vendors of defendants Moppins acquired title to the 250 acres in 1854 by deed from the executor of the will of Christian Wertzner, deceased. The balance of said one-third league survey was by order of the Probate Court closing the administration of the estate of Christian Wertzner turned over to Charles Wertzner, devisee under the will of said Christian Wertzner. This order was made in 1858 and recites that the unsold portion of said survey ordered turned over to the devisee contains 1226 acres.

In 1861 Charles Wertzner and wife conveyed to Louis Eilers, deceased. the description in this deed, as before stated, being the same as that in the deed from appellees to plaintiff.

The several subdivisions of the survey mentioned in these deeds contain in the aggregate 1338 acres and were supposed by the surveyor French, who made them in 1849, to comprise all of the land on the Wertzner survey.

The 250 acres of land conveyed by the executor of Christian Wertzner to the vendors of defendants Moppins comprises all of subdivision

No. 1 and a part of No. 2 of the survey made by French. The balance of the Wertzner contains 1221 6-10 acres, all of which, except a small piece of a few acres, was enclosed by a fence prior to the sale to plaintiff. In the negotiation leading up to the sale appellees told plaintiff that the land owned by them and offered for sale was embraced in two pastures on the Wertzner survey, and that it was all fenced except a small triangle of a few acres lying on the creek. Plaintiff testified that appellees described the pastures to him as above stated and that he knew where they were located and had seen them before he began the negotiations for their purchase, but he did not know where lines of the Wertzner survey were located.

Plaintiff took possession of the land purchased from appellees in January, 1901. At that time the Moppins' land was in possession of William Null, who was holding for Moppins. The latter began to improve in 1902. Plaintiff made no claim to any part of the 250 acres and had no idea that it was included in his deed from appellees until the spring of 1904.

We think the above facts, which are undisputed, clearly show that the appellees only intended to sell and the plaintiff to buy the land on the Wertzner survey embraced in the two pastures and the small piece of a few acres near the creek which could not be fenced because of its location, and that the description in the deed which included the 250 acres was made under a misapprehension and mistake of fact on the part of both parties.

The intention of the parties must control in determining what land was actually bought and sold and when that intention is clearly shown by the evidence any mistake in the description contained in the deed of conveyance should be corrected and the deed made to conform to the intention of the parties. (Bell v. Wright, 1 Texas Ct. Rep., 140.)

There having been no sale of the 250 acres to plaintiff the warranty of title in his deed did not extend to that tract, although it was included in the description contained in the deed.

Neither the pleadings nor the evidence authorize a recovery by plaintiff because of the deficiency in the acreage of the land. (Daughtrey v. Knolle, 44 Texas, 455.)

We think under the undisputed evidence no other verdict than one in favor of defendants could have been rendered and therefore the trial court did not err in instructing a verdict in their favor.

The judgment of the court below is affirmed.

*Affirmed.*