### HENENBERG v. WINN et al.    (No. 2077.)

Court of Civil Appeals of Texas. El Paso. Dec. 15, 1927.

Rehearing Denied Jan. 5, 1928.

**1. Reformation of instruments ⊜⇒20—One party's mistake, accompanied by other's fraud or other inequitable conduct, authorizes reformation of instrument.**

Where there has been a mistake of one party, accompanied by fraud or other inequitable conduct of other party, instrument may be made to conform to agreement or transaction entered into according to parties' intention.

**2. Reformation of instruments ⊜⇒13(3)—Vendor's execution of deed, omitting part of land contracted for, acceptance of full consideration, and admission of grantees to possession, entitled them to reformation of deed.**

Vendor's execution of deed, omitting strip of land constituting part of that contracted for, acceptance of full consideration, and admission of grantees to possession, entitled latter to reformation of deed and recovery of such strip.

**3. Reformation of instruments ⊜⇒25—Party not denying that instrument does not set forth agreement made, as other party believed, cannot say that he intentionally caused or silently acquiesced in discrepancy.**

Party not denying that instrument sought to be reformed does not set forth agreement actually made, as other party believed, will not be heard to say that he intentionally brought about or silently acquiesced in discrepancy.

**4. Principal and agent ⊜⇒189(4)—Allegations of contract to purchase realty from grantor and wife held sufficient to admit proof of contract for husband by his agent in suit to reform deed.**

In absence of exception to petition for reformation of deed for want of particularity in not alleging whether contract of sale was made by grantor in person or by agent, allegations as to purchase of realty from grantor and his wife were sufficient to admit proof of contract made in his behalf by his authorized agent, especially where he was not misled or surprised.

**5. Husband and wife ⊜⇒221—Grantor's wife held not indispensable party to suit for reformation of deed.**

Grantor's wife *held* not an indispensable party to suit for reformation of deed to include omitted strip, as any separate estate she may have in land will not be affected by judgment.

**6. Trial ⊜⇒171—Peremptory instruction may be given without motion.**

The court may give a peremptory instruction without a motion therefor.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by E. F. and F. W. Winn against J. Henenberg. Judgment for plaintiffs, and defendant appeals. Affirmed.

O. F. Wencker and Hattie L. Henenberg, both of Dallas, for appellant.

Ross M. Scott, of Dallas, for appellees.

HIGGINS, J. Appellant, Henenberg, of New York City, was the owner of a brick building in Dallas, Tex. The west wall of the building was situate upon a strip of land 17 inches wide fronting upon Elm street, being on the east side of the west one-half of lot 25, in block G/2/170.

By deed dated July 22, 1913, J. D. Smith and wife conveyed to Henenberg the east 8½ inches of said tract and one-half interest in the party wall, the land so conveyed being described as follows:

"Beginning at the N. E. corner of said west half of said lot 25 in said block G/2/170, the said point being 25 feet east from the N. W. corner of said lot 25, running thence in a southerly direction along the division line of said west half of said lot 25, and at right angles to Elm street, and along the east line of a brick wall now standing on said premises 100 feet to a stake for corner; thence westerly and parallel with Elm street 8½ inches; thence northerly and parallel with said east line of said lot 25, in said block G/2/170, 100 feet to Elm street; thence easterly with Elm street 8½ inches to the place of beginning."

By deed dated July 1, 1921, Henenberg and wife, in consideration of $30,500, conveyed to the appellees Winn Bros. a tract of land in said block described as follows:

"Beginning at a point on the S. line of Elm street, 25 feet east of the N. E. corner of lot 24

in said block; thence in a southerly direction at right angles to Elm street, 100 feet to stake; thence in an easterly direction parallel with said line of Elm street, 45 feet 8 inches to stake; thence in a northerly direction 100 feet more or less to a stake on the said line of Elm street at a point 48⁵⁄₁₂ feet from the place of beginning; thence in a westerly direction with the said line of Elm street 48⁵⁄₁₂ feet to the place of beginning, and being the same property conveyed to J. Henenberg by Phillip Baronzik and Israel Faronzik, deed dated February 5, 1910. Recorded in Book 448, p. 622, in the office of the Dallas county clerk of Dallas county, Tex."

Subsequently appellees brought this suit against Henenberg, the first count of the petition being in the statutory form of trespass to try title to the two tracks above described; the second count in the petition being, in substance, for reformation of the deed and recovery of the 8½-inch strip of land.

Henenberg answered by pleas of misjoinder of causes of action, nonjoinder of Mrs. Henenberg as a necessary party defendant, general and special exceptions, not guilty, and general denial. No proposition is here presented with respect to the court's ruling upon the exceptions and plea of nonjoinder.

Upon trial the plaintiffs introduced in evidence the two deeds above mentioned.

H. H. Jacoby, a real estate agent, testified in their behalf that he knew the Henenberg property on the south side of Elm street with a brick house on it and sold the building to Winn Bros., for the price Henenberg authorized him to sell it, after showing the building to them. He sent the deed to New York, and it was mailed to a niece of Henenberg in Dallas in whose office the deal was finally closed. Appellees testified that the building was shown to them by Jacoby, and it clearly appears it was contemplated by them and the agent that the entire building and the ground upon which it was situate was to be conveyed. After the conveyance appellees went into possession and did not discover that their deed did not convey the 8½-inch strip of land and party wall right until about three years later when they undertook to convey the property. Upon request for conveyance, Henenberg declined to convey except upon payment of $1,200. Appellant offered no evidence, and upon trial a peremptory charge was given in plaintiff's favor.

The evidence fails to disclose how the 8½-inch strip of land happened to be omitted from the conveyance, but the undisputed evidence clearly shows that the subject-matter of the preliminary executory contract of sale was the brick building and the ground upon which it was situate. This being the case, the conveyance should have conveyed the 8½-inch strip of land and party wall right. Appellant, however, asserts that the evidence fails to show mutual mistake, fraud, or accident, and therefore appellees cannot recover.

1 S.W.(2d)—28

[1] The rule of law here applicable is thus stated in 3 Pomeroy, Eq. Jur. § 1376:

"Where there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the remaining party, the instrument may be made to conform to the agreement or transaction entered into according to the intention of the parties." Conn. v. Hagin, 93 Tex. 334, 55 S. W. 323.

[2] It may be there was no mistake made by appellant in the execution of his deed to appellees, but under the executory contract the 8½-inch strip should have been included in the deed, and, in our opinion, his action in executing a deed from which this tract was omitted, accepting the full consideration and admitting the defendants to possession, renders it grossly inequitable for him to refuse now to do what he should have done when the executory contract was attempted to be concluded, and entitles plaintiff to reformation and recovery of the disputed strip. Laufer v. Moppins, 44 Tex. Civ. App. 472, 99 S. W. 109.

[3] One who does not deny "that an instrument which a court of equity is asked to reform does not set forth the agreement as it was actually made, and as the other party believed it did, will not be heard to say that he intentionally brought about or silently acquiesced in the discrepancy between the instrument and the agreement as made." Keister v. Myers, 115 Ind. 312, 17 N. E. 161.

[4] The plaintiff's petition does not allege that the executory contract was made by Henenberg acting through his agent Jacoby, but avers a purchase from Henenberg and wife. Error is assigned to the admission of the evidence of Jacoby showing the preliminary contract of sale made by him as agent upon the ground that it is a variance.

The petition does not undertake to allege whether the preliminary contract was made by Henenberg in person or by agent. The allegations were sufficient to admit proof of a contract made by him through his agent.

Appellant in this connection cites cases in which the actions were in tort, it being alleged that the tortious acts were committed by the defendants, and it was held that evidence of such acts by agents constituted a fatal variance. These cases, in our opinion, have no application, for the contract, whether made by Henenberg in person or through an agent, was in either event his contract. In the absence of an exception to the petition for want of particularity in failing to allege whether the contract was made by Henenberg in person or by agent, we think the allegations respecting the executory contract sufficient to admit proof of a contract made in his behalf by his authorized agent. San Antonio Gas Co. v. Harber, 1 White & W. Civ. Cas. Ct. App. § 1124. Especially is this true, when, as here, it is apparent the defendant was not misled or surprised.

[5] It does not appear that Mrs. Henenberg has any separate estate in the land. If, in fact, she has any, it will not be affected by the judgment. Hence she is not an indispensable party, to the suit.

[6] Another proposition presented by appellant is that the court cannot give a peremptory instruction in the absence of motion therefor. This is untenable.

Affirmed.