**SCHROEDER et al. v. ROSENBAUM et al.**
**(No. 9313.)**

Court of Civil Appeals of Texas. Galveston.
July 19, 1929.

Rehearing Denied Sept. 26, 1929.

See, also, 16 S.W.(2d) 328.

C. G. Krueger, of Bellville, Albert Stone, of Brenham, and J. Lee Dittert, of Bellville, for appellants.

Searcy & Hodde, of Brenham, for appellees.

GRAVES, J. With only such interpolations added at places not therein specifically indicated as to make it slightly more detailed, this substantially correct statement is appropriated from the appellees' brief:

"This suit was instituted by the appellees against the appellants in the District Court of Washington County, Texas; the first count of the petition being in the statutory form of trespass to try title and the second count being, in substance, for reformation of the deed dated November 29, A. D. 1926, executed by the appellants to the appellees to recover a strip of 14.42 acres and 8¾ acres that had been pointed out to appellees by appellants besides other lands that would be conveyed to appellees, but were omitted from the deed executed by appellants to appellees.

"The appellees allege in their petition that H. H. Schroeder, one of the appellants, while the negotiations for the sale were going on, went with the appellees on the land and pointed the land out to them and told them that appellants would sell them all of the lands under fence to the south side of a public road which cut off about 40 acres to the north side of the road that appellants would reserve; and that all of the lands to the south of the road belonged to the appellants and was in one body and all of that land would be sold. That appellees relied on his statements and acted thereon and a deed of general warranty was subsequently made by him and his children to them. That after the deed had been executed and delivered to the appellees and appellees placed in actual possession of all of the land to the south of the public

road, and appellants had received the money for the land, $3800.00 as for 190 acres more or less at $20.00 per acre, then appellants attempted to fence part of the same land that had been pointed out to them by H. H. Schroeder and that was in possession of the appellees which was part of the body of land under the fence to the south of the road. Appellees set up that if the deed did not describe and embrace the lands that appellants were attempting to fence on the south side of the road of which the appellees had been placed in actual possession by appellants, then the deed did not describe the lands actually purchased by them and in their possession and that the deed should therefore be so reformed as to embrace all of the lands that were to the south side of the public road under fence in that one body as the appellants had agreed to sell them and the possession of which had been delivered to them by appellants. That the deed should be so reformed as to embrace the lands purchased by the appellees, and to carry out the agreement between appellants and appellees as originally made by them.

"The appellants answered by general demurrer and specially disclaimed as to any of the lands described in the deed from appellants to appellees, dated November 29, A. D. 1926. That if the appellees thought that they were purchasing all of the lands to the south of the road under fence and in one body, then there was no meeting of the minds of the parties, and no contract was really made, and that appellants tendered to the appellees the purchase price recited in the deed, together with 6% interest, and asked that appellees reconvey to them the land, rents, lease money and royalties received by the appellees, which appellants say is an excess of $5000.00, and that the deed should be cancelled, set aside and annulled. And further they answer that appellees are seeking to invoke the equitable power of the court to grant them equitable relief, they must come into court offering to do equity, and without such offer the court is powerless to exercise its equitable power, and further they filed a general denial and plea of not guilty.

"The case was called for trial on September 27, 1928, and the general demurrer of appellants was overruled, and thereupon all parties announced ready for trial, a jury was duly impanelled and sworn to try the issues, and after the introduction of all the testimony, the court submitted the case to the jury on these special issues:

" '1. When Mrs. Ida Rosenbaum and her husband were on the land with H. H. Schroeder, that Schroeder was proposing to sell to Mrs. Ida Rosenbaum and her husband, did H. H. Schroeder state to Mrs. Ida Rosenbaum and her husband that the land he was offering to sell Mrs. Ida Rosenbaum and her husband was all of the land under his fence on

the south side of the public road running through Schroeder's land?

" '2. If you answer Special Issue No. 1, Yes, or in the affirmative, then you will answer the following special issue:

" 'Did Mrs. Ida Rosenbaum believe and rely on the statement made to her by H. H. Schroeder, that the land he was offering to sell her was all of the land under his fence to the south of the public road running through this land?

" '3. If you answer special issue Nos. 1 and 2 in the affirmative, or Yes, then you will answer the following special issue:

" 'Did Mrs. Ida Rosenbaum believe at the time she accepted the deed from H. H. Schroeder and paid him for the land that the deed conveyed to her all of the land under Schroeder's fence on the south side of the public road running through the land?'

"The answers to all of which issues were found in favor of the appellees, and the court then entered judgment in favor of the appellees, so reforming the deed from appellants to them of date November 29, 1926, as to include the two tracts sued for."

The Schroeders, having duly presented an appeal from such adverse judgment, make no attack upon the verdict as not being supported by the evidence, but through more than thirty propositions, based on even more assignments, some of which are mere abstractions, present here what may be thus epitomized as their main contentions:

■ (1) Their general demurrer to the appellees' petition should have been sustained, the suit being one to reform a deed without allegation of fraud, accident, or mistake—either mutual or unilateral induced by the opposite party's fraud.

This cannot be sustained; the general demurrer was addressed to the petition as a whole, which, as the preliminary statement has shown, was a twofold declaration: First, in trespass to try title to the two omitted strips of land comprising 14.42 and 8¾ acres, respectively; second, to reform the deed that passed between the parties so as to make it include them, under averment that they had been omitted from the description of land for which the appellees had not only paid appellants, but of which the latter had put them in actual possession at the time as constituting part of the whole body contracted for. This stated a good cause of action.

■ (2) The admission of parol testimony from Mrs. Rosenbaum to the effect that, before she bought, she went on the land with H. H. Schroeder, who told her he was selling her all the land he had under fence on the south side of the public road—190 acres more or less—for $3,800, and from Surveyor Francis and W. W. Searcy to the effect that the two small tracts sued for were not included in, or described by, the deed from Schroeder to Mrs. Rosenbaum of November 29, 1926, but were on the south side of the road and inside his fence, was error, because it constituted an attempt to engraft upon—and thereby vary the terms of—a subsequent deed additional lands to those described therein through proof of prior and contemporaneous parol agreements.

This position, too, is untenable, as sought to be applied here; admittedly the two small tracts were not covered by the deed, but the whole objective of the suit was to bring them under the effect of its terms, and in that way to so correct the deed as to carry out the alleged agreement of the parties to it that these tracts were included in what was sold and were to be conveyed accordingly; it was permissible to show that by parol, Yarbrough v. Clarkson et al. (Tex. Civ. App.) 155 S. W. 954; Henenberg v. Winn (Tex. Civ. App.) 1 S.W.(2d) 432; R. C. L. vol. 23, p. 320; Raines v. Calloway, 27 Tex. 681. The jury's unattacked finding that such an agreement was made settled the controlling fact issue adversely to appellants.

■ (3). The court erred in excluding testimony to the effect that certain leases executed, respectively, by Mrs. Stone to Albert Stone, and by appellants to J. H. Pressley, in September of 1926, before the transaction here under review between these litigants, showed that these 14.42 and 8¾ acre strips had neither been conveyed to Schroeder by the deeds he received from Teetz and wife and G. Neumann, nor leased by him and his children to Pressley.

Obviously these matters were irrelevant and immaterial, to say nothing of the controversy over whether or not the two disputed strips were included in the description in the Pressley lease, since it not only undisputedly but admittedly appeared that these tracts were not covered by the field notes in appellants' deed to the appellees.

■ (4) There was error in the exclusion of proffered testimony on cross-examination of appellee Mrs. Rosenbaum, in purport that she sold certain mineral rights under the land conveyed to her by appellants, therein describing it as it is described in the petition in this suit, and that: "It was not my intention to make the defendants convey the land to me that they did not own at the time, but I wanted him to convey me all the land he had under fence."

Had these statements from her been admitted, they could not have materially affected the case either way, since Mrs. Rosenbaum's petition showed that she was claiming all the land under the fence, which embraced these small tracts, and her testimony steadily and consistently, inclusive of these excluded extracts, merely maintained that position.

■ (5) Objections of immateriality and of hearsay, respectively, made by appellants to the court's permitting appellees to elicit from H. H. Schroeder that he did expect to pay his attorneys for representing appellants on this trial, and from Otto Baumgart that, some time after the trade between them, Mrs. Ros-

enbaum had told him that Schroeder claimed some of the land after he had made her a deed, should have been sustained.

No bill of exception to the alleged Baumgart statement is pointed out, while as to Schroeder's it seems that on the injunction hearing in this cause he had said he did not pay his attorneys anything for representing him, but that they had a certain agreement between them. Apparently, then, this testimony was receivable as affecting the credibility of the witness. At any rate, no such error in these rulings is indicated as probably caused the rendition of an improper judgment.

■ (6) It is earnestly urged from a number of angles through propositions 9 to 20, inclusive, which advance to the heart of appellants' position, that appellees were not entitled to the reformation awarded, because, under neither the pleadings nor evidence, was there any fraud, accident, or mistake either mutual or on appellees' part induced by the fraud of appellants, and, in any event, the trial court should either have instructed the jury that no fraud existed, or, being so requested, have submitted that question to them in a special issue, as well as the further inquiries as to whether or not the minds of the parties to the deed sought to be reformed ever in fact met on a contract with reference to the two disputed strips, and whether or not appellants had title to them by limitation.

The appellees answer these detailed presentments with this single proposition, supporting it by the appended authorities:

"Vendors execution of deed, omitting strips of land constituting a part of that contracted for, acceptance of full consideration, and placing grantees in possession of such strips of land, entitles grantees to reformation of deed and recovery of such strips."

Authorities: R. C. L. vol. 23, p. 320; Henenberg v. Winn (Tex. Civ. App.) 1 S.W.(2d) page 432; Laufer v. Moppins, 44 Tex. Civ. App. 472, 99 S. W. 109; Bell v. Wright (Tex. Civ. App.) 59 S. W. 615.

This reply, we think, concludes the whole matter against appellants; as before indicated, the deed did not describe the two strips, but both lay south of the public road, and were part of the one inclosure within appellants' fences, possession of all of which at the time had been turned over to the appellees, according to their testimony, in consideration of their having paid the gross consideration therefor of $3,800.

In these circumstances, we agree with the learned trial court that the only issues of fact involved were whether or not the two strips were included in what had been pointed out to the appellees by appellants as being the land that would be conveyed, and whether the appellees relied upon such statements.

The deed appellants actually gave as in compliance with the contract the jury found they made, that is, to convey all the land un-

der their fence south of the road, was a general warranty, hence no lese majesty was committed in simply decreeing that the two omitted portions be also brought under the terms of that covenant, along with what was in fact described—rather, the completed written evidence of it was only thus made to express the full agreement; so that it was not material, as to whether or not appellants owned the strips, the pertinent inquiry being, Had they represented that they were so selling them?

■ (7) The court should have submitted this requested special issue: "Did the defendant, H. H. Schroeder, inform the plaintiff prior to the time the deed was made by him to them that there was 15 acres of land included under his fence that did not belong to him and which he did not own?"

The overruling of this complaint follows as a corollary the holding just made; it was merely evidential, the question being not whether Schroeder owned the 15 acres at the time, but whether he undertook in the manner inquired about in the issues given to sell it to the appellees.

■■ (8) The issues given to the jury were improper, in that they related to evidential rather than ultimate facts, were calculated to elicit only the appellees' intention at the time of making the contract, indicated to the jury the court's view upon the matters asked about, and were otherwise upon the weight of the evidence.

Obviously, we think, none of these objections are well taken; appended to each of the quoted issues given by the court was this direction: "Answer yes or no, as you may find." This form of inquiry was not subject to the criticism made against it, neither did it amount to a charge on the weight to be given to the testimony of either side—simply put up to the jury to find what occurred with reference to whether Schroeder undertook to sell Mrs. Rosenbaum all the land under his fence on the south side of the public road, including these small pieces, which the undisputed evidence showed to be so located.

(9) The closing argument of opposing counsel to the jury was improper as involving an attempt on his part to testify to matters not otherwise in evidence, as well as uncalled for and derogatory remarks concerning appellant's counsel.

A sufficient answer here, we conclude, is that the three bills of exception reflecting the remarks excepted to, Nos. 14, 15, and 16, do not negative the idea that the comments may have been properly responsive either to the evidence heard or to the argument previously made by opposing counsel, rather the contrary appearing; wherefore they preserve no reversible error. Oilbelt Motor Co. v. Hinton (Tex. Civ. App.) 11 S.W.(2d) 338; Southern Pac. Co. v. Huggins (Tex. Civ. App.) 9 S.W.(2d) 382; Thetford v. Modern Woodmen (Tex. Civ. App.) 273 S. W. 666.

698

If other questions are raised, it is deemed unnecessary to specially discuss them, since the conclusions stated determine the merits of the appeal.

The judgment has been affirmed.

Affirmed.