## POCHYLA v. CRALLE et al.
### No. 1082.

Court of Civil Appeals of Texas.  Waco.
Oct. 1, 1931.

Rehearing Denied Oct. 29, 1931.

S. J. T. Smith, of Waco, for appellant.

R. C. Cralle and Ira Lawley, both of Groesbeck, for appellees.

BARCUS, J.

In July, 1926, appellant by warranty deed granted and conveyed to J. K. Stroud and appellee R. M. Cralle, 1,265 acres of land in Hamilton county, less 185½ acres sold to Albert Wenzel, the deed containing the recitation that "it is the purpose of this deed to convey the entire acreage herein stated, ex-

cept the 185-½ acres deeded to Albert Wenzel, making the acreage conveyed in this deed to grantees, 1079-½ acres," and then described the entire tract by metes and bounds. The deed from appellant to Albert Wenzel referred to in the deed to appellee Cralle described the 185½ acres by metes and bounds, and then recites that in addition thereto it granted and conveyed to Wenzel an easement for the purpose of ingress and egress across the remaining portion of appellant's land, so that Wenzel could reach the highway.

In August, 1927, J. K. Stroud by warranty deed granted and conveyed to appellee Cralle his undivided half interest in the 1,079½ acres which he and Cralle purchased from appellant in July, 1926.

Appellee Cralle instituted this suit to recover from appellant and J. K. Stroud $750 damages which he alleged he had suffered by reason of the easement which appellant had sold Wenzel across the land which he, Cralle, purchased from appellant and appellee Stroud; his contention being that the easement was an incumbrance upon his title, and that, since appellant had given a warranty deed containing the implied covenants set out in article 1297 of the Revised Statutes, he was entitled to his damages. He alleged that the land taken by virtue of the easement was 15 acres, which was of the value of $750. In the alternative, he alleged that, if he was not entitled to the value of the land taken, the market value of the entire tract of land by reason of the easement was diminished to the amount of $750.

Appellee Stroud filed cross-action against appellant, asking for judgment against appellant for whatever amount appellee Cralle might recover against him. The cause was tried to the court and resulted in judgment being entered for appellee Cralle for $375 against appellant, and for the same amount against appellee Stroud, and a judgment in favor of Stroud against appellant for $375.

■■ There was no testimony offered as to the value of the land actually taken for the use of the easement. The cause was submitted to the jury, and judgment rendered by the trial court evidently on the theory contained in appellees' pleadings that the entire tract of land had been depreciated in value by reason of said easement. The only testimony on the measure of damages was given by the witnesses John Richards and appellee Cralle. Richards testified: "The exercise and use of the right-of-way or easement across the land would damage same something like a thousand or fifteen hundred dollars."

Appellee Cralle testified: "The value of the use and enjoyment of the land by me was diminished something like $1200.00 by reason of the easement."

Appellant objected to the above testimony of Richards and Cralle, for the reason that it was not the proper measure of damage and called for a conclusion of the witnesses and invaded the province of the trial court, and was irrelevant and immaterial. The trial court overruled said objections, and appellant, by various assignments and propositions, presents the action of the trial court as error. We sustain these assignments, in so far as they relate to the proper measure of damage. In cases of this character, the proper measure of damage is the difference in the value of the land at the time of purchase without the easement, and its value with the easement. 15 C. J. 1328, § 234, 7 R. C. L. 1182; 8 Am. & Eng. Enc. (2d Ed.) 179. Clearly, appellee would not be entitled to what he thought the use of the land to him had been damaged.

Appellant contends that there is no evidence in the record tending to show the difference in the value of the land at the time same was purchased with the easement and what it would have been worth without the easement, and that the judgment of the trial court is therefore without support in the evidence. We sustain this contention. The only testimony offered relative to the value of the land at the time of the purchase was the recitation in the deed stating that appellee paid $14,976.85 in cash and executed notes for $12,155.65, and assumed notes aggregating $10,650. Appellee Cralle testified that the recitation in the deed as to the consideration paid was correct, except that the cash consideration named was an exchange of land rather than the payment of any cash. There was no evidence offered as to the actual value of the land given in exchange. None of the witnesses stated what the value of the land was or would have been at the time of purchase without the easement. Neither was there any testimony offered as to what the land would have been worth at the time same was purchased with the easement thereon.

During the trial of the cause, appellant offered to prove by Mr. Haney, the real estate man who negotiated the sale, and by himself, that at the time of the sale appellees were notified of the fact that the deed to Wenzel contained the easement, and that he (appellant) was only selling to them, and that appellees were buying, the land in controversy burdened with said easement. The trial court excluded this testimony on objection of appellees on the ground that it tended to alter, vary, and contradict the terms and covenants of the written deed from appellant to appellees.

Since appellant did not plead that the property conveyed to appellees was not correctly described in the written deed, said testimony was properly excluded. If the description contained in the deed by accident, mistake, fraud, or oversight, failed to describe the land actually sold by appellant and purchased by appellees, then, under appropriate pleadings, the excluded testimony would be admissible.

The courts hold that the statutory covenant of warranty contained in a deed only binds the grantor for the land actually sold, whether same is accurately described in the deed or not. Hannes v. Scholz (Tex. Civ. App.) 120 S. W. 1056; Meade v. Jones, 13 Tex. Civ. App. 320, 35 S. W. 310; Laufer v. Moppins, 44 Tex. Civ. App. 472, 99 S. W. 109; Weir v. McGee, 25 Tex. Supp. 21.

For the errors indicated, the judgment of the trial court is reversed, and the cause remanded.